# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 11, 2008

134682

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

GARY SMITH,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134682
COA: 267099
Wayne CC: 03-012800-01

On order of the Court, the application for leave to appeal the July 19, 2007 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). At oral argument, the parties shall address: (1) whether the upward departure from the recommendation of the sentencing guidelines is proportionate, see *People v Babcock*, 469 Mich 247, 264, 273 (2003); and (2) whether the trial court fulfilled its obligation to "articulate on the record a substantial and compelling reason for its *particular* departure, and explain why this reason justifies *that* departure." *Babcock*, *supra* at 272 (emphasis in original).

We further ORDER the Wayne Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint counsel to represent the defendant in this Court. The parties may file supplemental briefs within 42 days of the date of either the appointment of counsel or the determination that the defendant is not entitled to appointed counsel, but they should not submit mere restatements of their application papers.

YOUNG, J., concurs and states as follows:

I concur in the order scheduling oral argument on the application, but write separately because I fear that this Court is embarking on an impossible mission. This case raises the question whether a trial judge who articulates substantial and compelling reasons to depart from the sentencing guidelines range must sentence the defendant with such mathematical precision, by comparing the facts and circumstances of the

defendant's crime against a hypothetically better or worse fact pattern, that the severity of his crime is perfectly matched with the extent of the departure. I do not believe that there is a principled way to achieve this mathematical precision, nor do I think that the guidelines statutes, properly construed, impose this burden on the trial judge.

WEAVER and CORRIGAN, JJ., join the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 11, 2008

_____
Clerk